# Exhibit A

ELECTRONICALLY FILED - 2025 Apr 10 11:14 AM - CHARLESTON - COMMON PLEAS - CASE#2025CP1001987

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | FOR THE NINTH JUDICIAL CIRCUIT |
| | Civil Action No.: _____ |
| Berry S. Anderson, | |
| Plaintiff, | **SUMMONS** |
| v. | |
| Medical University of South Carolina, | |
| Defendant. | |

**TO:   THE DEFENDANT ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

s/ Sarah J.M. Cox
Sarah J.M. Cox (SC Bar No. 104316)
BURNETTE SHUTT & McDANIEL, PA
912 Lady Street, Second Floor
P.O. Box 1929
Columbia, South Carolina 29202
Telephone: (803) 904-7930
Fax: (803) 904-7910
SCox@BurnetteShutt.Law

**ATTORNEY FOR PLAINTIFF**

Columbia, South Carolina

April 10, 2025

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>Berry S. Anderson,<br>         Plaintiff,<br>v.<br>Medical University of South Carolina,<br>         Defendant. | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br><br>Civil Action No.: _____<br><br>**COMPLAINT**<br>Jury Trial Demanded<br>Violation of Title VII of the Civil Rights Act |

Plaintiff Berry S. Anderson ("Plaintiff") brings this action for Violation of Title VII of the Civil Rights Act against Defendant Medical University of South Carolina ("Defendant") and respectfully alleges as follows:

## INTRODUCTION

1. Plaintiff was the only male nursing professor at Defendant Medical University of South Carolina's College of Nursing. When Plaintiff was promoted to Associate Professor, he was given a raise of 13%. However, immediately after Plaintiff was given this raise, Defendant's new College of Nursing Dean refused to honor the raise and told Plaintiff that he would not get a raise because he was a man, and it would "look bad." Plaintiff objected to the request to return his raise, to which Defendant finally relented and allowed the raise to take effect. However, shortly thereafter, Defendant retaliated against Plaintiff for filing a complaint with Defendant regarding his concerns about his sex coming into play relating to his recent pay raise. Defendant further, refused to consider Plaintiff for any future promotions and placements, and in turn, begin hiring less qualified women nurses instead.

2

**PARTIES AND JURISDICTION**

2. Plaintiff is a citizen and resident of the State of South Carolina.

3. Defendant is a university in Charleston County, South Carolina.

4. The actions, omissions, and occurrences at issue occurred in Charleston County, South Carolina, making this the appropriate venue for this matter.

5. This Court has jurisdiction over the action.

6. This Court has jurisdiction of this action under 42 U.S.C. § 2000e-5(t) and 28 U.S.C. § 1345.

7. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to the cause of action herein occurred.

8. Plaintiff filed a timely charge to the Equal Employment Opportunity Commission (EEOC Charge No. 415-2024-02223) on or about September 3, 2024. The charge alleged sexual discrimination, as well as retaliation.

9. The EEOC issued a *Dismissal and Notice of Rights* on January 30, 2025.

10. Plaintiff has exhausted all administrative remedies.

11. This Court has subject matter and personal jurisdiction in this matter.

**FACTUAL BACKGROUND**

12. At all relevant times to this Complaint, Plaintiff worked as a professor for Defendant's College of Nursing.

13. Plaintiff was hired by Defendant in 1996 as a Registered Nurse.

14. In May 2018, Plaintiff was promoted to Associate Professor in the College of Nursing.

ELECTRONICALLY FILED - 2025 Apr 10 11:14 AM - CHARLESTON - COMMON PLEAS - CASE#2025CP1001987

15.     When Plaintiff was promoted to Associate Professor, he was given a 13% pay raise.

16.     In July 2018, Defendant hired a new Dean for the College of Nursing.

17.     In August 2018, the new Dean asked Plaintiff to return the 13% raise that he had previously been granted.

18.     When Plaintiff objected to returning the raise, the new Dean told Plaintiff that he could not receive the highest raise for any Associate Professor position because it would look bad to give the highest raise to a man.

19.     Plaintiff refused to renegotiate his contract and eventually Defendant relented and allowed Plaintiff to retain his raise.

20.     Upon information and belief, Plaintiff's persistence on retaining his pay raise resulted in Defendant retaliating against him, including treating him less favorably than similarly situated female and refusing to include Plaintiff in consideration for promotions and placements.

21.     Throughout his employment with Defendant, Plaintiff had good annual reviews and had a good disciplinary record.

22.     In 2020, Defendant created a new position for Lead Faculty for Undergraduate Programs at the College of Nursing.

23.     Defendant created the position and filled it without providing notice to the current nursing faculty or staff, which essentially eliminated the opportunity for them to apply for the position.

24.     Defendant filled the position of Lead Faculty for Undergraduate Programs with a woman who was a less qualified individual than Plaintiff for the position.

25. In 2021, Plaintiff applied for the position of Assistant Dean.

26. Defendant refused to interview Plaintiff for the position of Assistant Dean and told Plaintiff that he lacked experience.

27. Plaintiff has extensive relevant experience for the Assistant Dean position.

28. Defendant hired a woman with much less experienced than Plaintiff for the Assistant Dean position.

29. Throughout 2024, Defendant created and filled five positions without providing any notice or Plaintiff the opportunity to apply.

30. Less experienced women were hired in each of the five positions created in 2024.

31. Plaintiff reported this discrimination to Defendant and filed grievances with Defendant.

32. In each instance, Defendant cited Plaintiff's alleged lack of experience as their reasoning for their failure to consider him for the positions, despite less qualified women being hired and promoted to the positions in question.

33. Defendant retaliated against Plaintiff in other ways, including poor class assignments, labeling him "difficult to deal with", labeling him as a "pot stirrer" and interfering with a group Plaintiff had begun to support other males in nursing programs at the College of Nursing.

34. Because of Defendant's discrimination against Plaintiff, he suffered lost wages and benefits, opportunities for advancement, emotional distress, and has incurred attorney fees and costs to pursue his rights.

## **FOR A FIRST CAUSE OF ACTION**
(As to Defendant Medical University of South Carolina)
(Violation of Title VII- Discrimination based on Sex)

35. Plaintiff repeats and realleges each and every allegation of Paragraphs One through Thirty- Four as if restated herein verbatim.

36. Plaintiff is a male.

37. At all relevant times, Plaintiff met the legitimate expectations of Defendant.

38. Defendant took adverse employment actions against Plaintiff on the basis of his sex and gender by failing to consider him for promotions, by treating him differently than similarly situated women, and by refusing to provide him access to the same opportunities as his women colleagues.

39. Defendant knew or reasonably should have known that its conduct was unlawful.

40. Defendant acted with indifference to Plaintiff's federally protected employment rights.

41. As a result of Defendant's illegal discrimination, Plaintiff has suffered and continues to suffer damages.

## **FOR A SECOND CAUSE OF ACTION**
(As to Defendant Medical University of South Carolina)
(Violation of Title VII- Retaliation)

42. Plaintiff repeats and realleges each and every allegation of Paragraphs One through Forty-One as if restated herein verbatim.

43. Plaintiff engaged in protected activity by objecting to Defendant's discriminatory treatment by complaining and filing grievances regarding the same.

44. Defendant retaliated against Plaintiff for making these complaints and

grievances by further denying him promotions and employment opportunities, and by treating him differently than similarly situated women colleagues.

45.    As a direct result and consequence of Defendant's actions, which violated Title VII of the Civil Rights Act, Plaintiff suffered damages, including but not limited to, back pay, front pay, lost benefits, punitive damages of $300,000.00, attorney's fees, costs, actual damages, humiliation, harm to reputation, compensatory damages for emotional distress, and physical exhaustion.

**WHEREFORE**, having fully set forth his allegations against Defendant, Plaintiff respectfully requests that this action be tried by a jury and prays that judgment be awarded against Defendant as follows:

A.   Enjoin Defendant from:

   i.   Subjecting employees to discrimination and harassment based on sex and gender; and,

   ii.  Retaliating against employees who engage in activity protected under Title VII of the Civil Rights Act;

B.   Order Defendant to develop and implement appropriate and effective measures designed to prevent discrimination, harassment, and retaliation, including but not limited to policies and training for employees and managers;

C.   Order Defendant to develop appropriate and effective measures to receive complaints of discrimination, harassment, and retaliation as well as a process for investigating such complaints;

ELECTRONICALLY FILED - 2025 Apr 10 11:14 AM - CHARLESTON - COMMON PLEAS - CASE#2025CP1001987

D. Award actual and punitive damages to Plaintiff to fully compensate him for his injuries caused by Defendant's discriminatory, harassing, and retaliatory conduct;

E. Award Plaintiff prejudgment interest;

F. Grant Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/ Sarah J.M. Cox
Sarah J.M. Cox (SC Bar No. 104316)
BURNETTE SHUTT & McDANIEL, PA
912 Lady Street, Second Floor
P.O. Box 1929
Columbia, South Carolina 29202
Telephone: (803) 904-7930
Fax: (803) 904-7910
SCox@BurnetteShutt.Law

**ATTORNEY FOR PLAINTIFF**

Columbia, South Carolina

April 10, 2025

ELECTRONICALLY FILED - 2025 Apr 10 11:14 AM - CHARLESTON - COMMON PLEAS - CASE#2025CP1001987