**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Berry S. Anderson, ) | Case No.: 2:25-cv-04007-DCN-MHC |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **JOINT RULE 26(f)** |
| Medical University of South Carolina, ) | **DISCOVERY PLAN** |
| ) | |
| Defendant. ) | |
| ) | |

The parties held a Rule 26(f) Conference on June 02, 2025, and now submit the following joint discovery plan:

**<u>RULE 26(f) DISCOVERY PLAN</u>**

(1) What changes should be made to the timing, form, or a requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.

None.

(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

Discovery will be conducted pertaining to the allegations and damages contained in the Complaint and the defenses contained in the Answer. The parties agree the discovery deadline dates contained in the proposed Amended Conference and Scheduling Order are appropriate for this case. The parties do not anticipate the need to have discovery conducted in phases or to limit discovery except for as otherwise limited by the Federal Rules of Civil Procedure.

(3) Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

    a) The parties agree to exchange discovery documents in PDF format but reserve the right to request particular documents or materials be produced in native or alternative formats.

    b) The parties will cooperate in such situations within the scope of discovery allowed by the Rules.

    c) The parties agree to electronic service of discovery requests and responses.

(4) Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.

The parties agree to a claw-back of inadvertently or mistakenly produced privileged or work product documents. If such documents are mistakenly produced, the opposing party agrees to return or destroy them and that such materials would not be admissible.

(5) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

The parties are not aware of any changes that should be made to the limits imposed on discovery by the Federal Rules of Civil Procedures or this District's Local Civil Rules at this time.

(6) Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

None.

| | |
|---|---|
| s/ Sarah J.M. Cox | s/ Bob J. Conley |
| Sarah J.M. Cox (FID # 13166) | Bob J. Conley (Fed. ID # 6791) |
| Grant Burnette LeFever (FID # 12943) | Cleveland & Conley, LLC |
| Burnette, Shutt, & McDaniel, PA | 171 Church Street, Suite 310 |
| 912 Lady Street, Second Floor | Charleston, South Carolina 29401 |
| P.O. Box 1929 | Telephone: (843) 577-9626 |
| Columbia, South Carolina 29202 | bconley@clevelandlaborlaw.com |
| Telephone: (803) 904-7912 | |
| scox@burnetteshutt.law | ATTORNEY FOR DEFENDANT |
| glefever@burnetteshutt.law | |

ATTORNEYS FOR PLAINTIFF

June 20, 2025
Charleston, South Carolina